```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
```
```
                                        USDC SDNY
                                        DOCUMENT
                                        ELECTRONICALLY FILED
                                        DOC #:
                                        DATE FILED: 7/14/2023
```

FARYL ROBIN, LLC

      Plaintiff,

-against-

BILLDON, LLC, *doing business as* Billy Footwear,

      Defendant.

1:23-cv-4899 (MKV)

**ORDER OF DISMISSAL**

MARY KAY VYSKOCIL, United States District Judge:

   This action was commenced on June 12, 2023 with the filing of the Complaint [ECF No. 1]. Two days later, on June 14, 2023, Plaintiff filed a motion, brought on by a Proposed Order to Show Cause, for a Temporary Restraining Order and a Preliminary Injunction [ECF No. 7], together with a supporting memorandum of law, [ECF No. 8]. The Court declined to enter the proposed Temporary Restraining Order and Order to Show Cause, directed Plaintiff to serve Defendant, and ordered briefing on the motion for a preliminary injunction. [ECF No 11.] A motion hearing was scheduled for July 20, 2023. [ECF No. 11.]

   Plaintiff holds a "limited license . . . to certain trademark and intellectual property rights of the Defendant in connection with goods produced and sold by the Plaintiff to third-party vendors using the branding of the Defendant." [ECF No. 1 at ¶ 1.] On May 15, 2023, Plaintiff received a cease-and-desist letter from Defendant, demanding that Plaintiff "immediately cease its use of the Defendant's brand and intellectual property and purport[ing] to immediately terminate the Plaintiff's limited license to these rights." [ECF No. 1 at ¶¶ 2, 9.] Plaintiff commenced this lawsuit

in response, asserting three claims: (1) breach of contract, (2) tortious interference with a business relationship, and (3) declaratory judgment.[1]  [ECF No. 1 at ¶¶ 33–51.]

In its opposition brief to the pending motion for a preliminary injunction, Defendants contend that the Court does not have subject matter jurisdiction over this action.  [ECF No. 16 at 10–12.]  The Court agrees.  Subject matter jurisdiction "is an unwaivable *sine qua non* for the exercise of federal judicial power."  *Curley v. Brignoli, Curley & Roberts Assocs.*, 915 F.2d 81, 83 (2d Cir. 1990).  Accordingly, "[i]f the court determines *at any time* that it lacks subject-matter jurisdiction, the court *must* dismiss the action."  Fed. R. Civ. P. 12(h)(3) (emphasis added).

The Complaint asserts jurisdiction "pursuant to 28 U.S.C § 1331 because Plaintiff's claims arise from, *inter alia*, breaches of a license for the use of intellectual property subject to certain trademark protections claimed by Defendant under 15 U.S.C. §§ 1051, *et seq.* and other related laws."[2]  [ECF No. 1 at ¶ 7.]  But that is insufficient.  "The mere fact that a trademark is implicated . . . does not mean that a dispute 'arises under' the Lanham Act."  *RBCI Holdings, Inc. v. Drinks Americas Holdings, Ltd.*, No. 07 CIV. 2877 (DC), 2008 WL 759339, at *2 (S.D.N.Y. Mar. 20, 2008).  Indeed, "[a] breach of a contract to purchase a trademark . . . does not necessarily give rise to a disputed federal question sufficient to confer subject matter jurisdiction."  *Id.*  Therefore, to determine whether there is "federal question jurisdiction over a claim for breach of a contract involving trademarks, a court must look to the face of the complaint: federal question jurisdiction exists if the complaint seeks a remedy expressly granted by or asserts a claim requiring construction of the Lanham Act."  *Id.* at *3.

---

[1] Specifically, Plaintiff seeks a declaration that (i) Plaintiff holds a license to use Defendant's intellectual property, (ii) Plaintiff has not violated the agreement between the parties, (iii) Defendant is not entitled to terminate the agreement on less than 90 days' notice, and (iv) Plaintiff is entitled to continue using the intellectual property to complete orders that it has already received.  [ECF No. 1 at ¶ 51.]

[2] The Complaint does *not* contend that diversity jurisdiction exists in this action.

The Complaint seeks no such remedy, nor does it require any construction of the Lanham Act. In fact, aside from Plaintiff's vague reference to "15 U.S.C. §§ 1051, *et seq.*," the Lanham Act is not even mentioned. This dispute is, quite clearly, a breach of contract action between the parties.[3] That the agreement between the parties *addressed* trademarks is of no moment. *See Tap Publ'ns, Inc. v. Chinese Yellow Pages (N.Y.) Inc.*, 925 F. Supp. 212, 217 (S.D.N.Y. 1996) ("The mere fact that a trademark was the subject of the contract does not convert a state-law breach of contract issue into a federal Lanham Act claim.").

Plaintiff's reply brief does not substantively respond to this jurisdictional argument. [ECF No. 18 at 3.] Instead, Plaintiff asserts—without citing *any* legal authority—that the Complaint may proceed because "Defendant expressly raised the issue of federal trademark protections when it purported to revoke Plaintiff's license to utilize [Defendant's] IP." [ECF No. 18 at 3.] Not so. The cease-and-desist letter merely noted that Defendant "owns and has developed federally registered trademark and common law trade protections concerning its products" and that Defendant "reserved [its rights and remedies] under applicable federal and state laws." [ECF No. 1-8.] In any event, the content of the cease-and-desist letter is irrelevant. "[F]ederal questions must be disclosed *upon the face of the complaint*." *Phillips Petroleum Co. v. Texaco, Inc.*, 415 U.S. 125, 127 (1974) (emphasis added) (quotations omitted).

Because no federal question appears on the face of this Complaint, the Court will entertain this action no further. This case is DISMISSED for lack of subject matter jurisdiction.

The Clerk of Court is respectfully requested to close this case.

**SO ORDERED.**

**Date:  July 14, 2023**                                                                      _____
        **New York, NY**                                                                       **MARY KAY VYSKOCIL**
                                                                                                **United States District Judge**

---

[3] The Court notes that the parties' various contractual disputes are already being litigated in two other forums. [ECF No. 1 at ¶¶ 16–19.]